UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH JACKSON,

    Movant,

v.

    Case No. 1:16-CV-194
    (Criminal Case No. 1:14:CR:215)

UNITED STATES OF AMERICA,

    HON. GORDON J. QUIST

    Respondent.
_____/

## MEMORANDUM OPINION

Movant, Joseph Jackson, has filed a Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Jackson argues that his counsel was ineffective for failing to object at sentencing to the assignment of one criminal history point for a prior misdemeanor conviction for "Medical Marijuana - Improper Transportation in a Vehicle."

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, a court must promptly examine a § 2255 motion upon filing to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If so, the court must dismiss the motion and direct the clerk to notify the movant. *Id.* Having conducted the review required by Rule 4(b), the Court determines that Jackson is not entitled to relief because his argument lacks merit.

On February 23, 2015, Jackson pled guilty to Counts 1, 6 and 7 of the Indictment charging Jackson with conspiracy to distribute heroin, possession with intent to distribute heroin, and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1). Subsequently, the Probation Officer prepared a Presentence Investigation Report (PSR) which,

among other things, assigned Jackson one criminal history point for a prior misdemeanor conviction for "Medical Marijuana - Improper Transportation in a Vehicle." (ECF No. 1 at PageID.9.) Although Jackson's counsel filed objections to the PSR, she never objected to the criminal history point for the "Medical Marijuana - Improper Transportation in a Vehicle." On August 19, 2015, the Court sentenced Defendant to two hundred four months imprisonment on each of Counts 1, 6, and 7, to be served concurrently.

Jackson argues that his counsel was ineffective for not objecting because the Sentencing Guidelines provide that a misdemeanor conviction does not qualify for the assignment of criminal history points unless the sentence was a term of probation of more than one year or a sentence of at least 30 days. Jackson argues that had counsel properly objected, his sentencing range would have been 168–210 months instead of 188–235 months and would have resulted in a lower sentence.

Ineffective assistance of counsel claims are analyzed under the well-known two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under the first prong, the defendant must show that counsel's performance was "deficient." That is, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S. Ct. at 2064. The second prong requires the defendant to show that counsel's deficient performance prejudiced his defense—"that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Jackson's § 2255 motion fails on both *Strickland* prongs. United States Sentencing Guideline § 4A1.2(c) states that "[s]entences for misdemeanor and petty offenses are counted," except as provided in subsections (1) and (2). Subsection (2) sets forth a list of offenses that "are never counted." *See United States v. Rollins*, 97 F. App'x 577, 578 (6th Cir. 2004) ("Under the

2

Sentencing Guidelines, a defendant's criminal history category includes all prior misdemeanors, unless they are specifically excluded in one of two subsections.")  Jackson's prior misdemeanor offense is not within the offenses listed in subsection (2).  Subsection (1) lists certain offenses and states that such offenses, "by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense."  Thus, the exception in subsection (1) applies only if the prior offense is listed, or is similar to, a listed offense.  Jackson does not argue that his conviction for "Medical Marijuana - Improper Transportation in a Vehicle" is a listed offense or similar to a listed offense.  Moreover, having reviewed the listed offenses, the Court finds no basis to conclude that Jackson's prior offense is either listed, or similar to a listed offense.  Any objection by Jackson's counsel would have been frivolous.  Counsel's performance was thus not deficient, and Jackson could not have been prejudiced by her failure to object.

Having concluded that Jackson is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2).  A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Because the Court concludes that Jackson's motion lacks

3

merit, it likewise concludes that a certificate of appealability should not issue because no reasonable jurist would find the Court's conclusion debatable or wrong. Therefore, the Court will deny Jackson a certificate of appealability.

For the foregoing reasons, the Court will dismiss Jackson's § 2255 Motion and deny Jackson a certificate of appealability.

A separate order will enter.


Dated: May 2, 2016                                      /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE